UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK ZEESHAN AHMED,<br>Petitioner,<br>v.<br>WARDEN CALIFORNIA CITY DETENTION CENTER, et al.,<br>Respondents. | No. 1:26-cv-07477-DC-JDP (HC)<br><br><u>ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS</u><br><br>(Doc. Nos. 1, 2, 7) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). A petitioner must be "incarcerated—or, as here, in [immigration] custody—at the time a habeas petition is filed." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Noncitizens admitted to the United States pursuant to a visa are subject to discretionary detention under 8 U.S.C. § 1226(a) if they "overstay or violate the terms of their visa[]" or lawful nonimmigrant status. *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. July 30, 2026) ("Section 1226 refers generally to [noncitizens], without limitation.

Because § 1226 is not limited to [noncitizens] deemed applicants for admission, the [noncitizens] subject to § 1226 include other [noncitizens], such as admitted [noncitizens] who overstay or violate the terms of their visas.") (citation modified).

Further, this court has previously addressed the legal issues raised in the petition. (Doc. No. 1 at 9–11, 13–20.) Specifically, this court has held that noncitizens admitted to the United States pursuant to a visa, but not detained within a reasonable time after the expiration of their lawful status, develop a vested liberty interest in remaining free from detention such that due process forbids the government from detaining the noncitizen unless they are first provided with adequate notice and a pre-deprivation hearing before a neutral arbiter at which bond must be considered. *See Oliveira Tinoco v. Albarran*, No. 1:26-cv-05505-DC-CKD, 2026 WL 2949219, at *5–7 (E.D. Cal. Oct. 1, 2026) (granting motion for temporary restraining order and petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed her visa be returned to the status quo ante litem); *Kaur v. Chestnut*, No. 1:26-cv-05349-DC-CSK, 2026 WL 2790742, at *1 (E.D. Cal. Sept. 17, 2026) (adopting findings and recommendations, granting petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed their visa be released immediately); *Zhou v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-05774-DC-CSK, 2026 WL 2825584, at *1 (E.D. Cal. Sept. 21, 2026) (same).

On September 16, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc. No. 6.) On September 17, 2026, Respondents filed a motion to dismiss the petition. (Doc. No. 7.) On September 20, 2026, Petitioner filed a reply to Respondents' motion to dismiss in which he does not affirmatively oppose the court simultaneously ruling on the habeas petition and motion for temporary restraining order. (Doc. No. 8.)

In October 2023, Petitioner was admitted to the United States pursuant to a visa valid through April 26, 2024. (Doc. Nos. 1-3 at 2; 7-1 at 2.) In December 2023, Petitioner filed for asylum and adjustment of status. (Doc. Nos. 1 at 7; 7-1 at 2.) On June 3, 2024, the Department of

Homeland Security through the United States Citizenship and Immigration Services received Petitioner's Form I-765 application for an employment authorization document ("EAD"). (Doc. No. 1-6.) On June 20, 2024, Petitioner's application for an EAD was granted with a validity period of June 19, 2024, through June 18, 2029. (*Id.*; Doc. No. 7-1 at 2.) Petitioner was detained by immigration authorities on January 2, 2026, because he overstayed his visa. (Doc. Nos. 7 at 2; 7-1 at 2.) Petitioner's adjustment of status petition was still pending when he was detained. (Doc. No. 7-1 at 2.)

Petitioner acknowledges that he previously sought habeas relief with this court but that the petition was dismissed without prejudice on statutory grounds because he had already received the statutory relief he was entitled to under 8 U.S.C. § 1226(a) pursuant to a post-deprivation bond hearing, and because he had not properly asserted a justiciable due process claim. (Doc. Nos. 1 at 2–3; 1-3 at 6–8; 8.); *see also Ahmed v. Warden, Cal. City Det. Facility*, No. 1:26-cv-02975-DC-JDP, Dkt. Nos. 13, 16 (E.D. Cal. Jul. 14, 2026) ("*Ahmed I*"). In the pending petition and motion in this case, Petitioner asserts that his right to procedural due process was violated when he was detained by immigration authorities without notice or a pre-deprivation bond hearing after he had "been living in the United States for more than two years after lawful admission [and] had complied with all immigration requirements," and where "[t]here was no urgency or necessity justifying immediate detention without prior process." (Doc. No. 1 at 9–11, 13–20.)

Respondents argue that "[t]he instant petition should be dismissed as a successive petition" of *Ahmed I* because Petitioner failed to raise these claims in *Ahmed I*, or alternatively, because "[t]he Court considered the due process implications of detention under 8 U.S.C. § 1226(a) and correctly determined they were constitutional as applied to Petitioner." Not so. In *Ahmed I*, Petitioner attempted to make a due process claim in his reply brief, but the court declined to review the merits of the constitutional claim because it was not asserted in the petition. (*See* Doc. Nos. 8; 1-3 at 6–8); *see also Ahmed*, No. 1:26-cv-02975-DC-JDP, Dkt. Nos. 13, 16 (dismissing without prejudice the petition for writ of habeas corpus on statutory grounds after declining to reach Petitioner's due process claim because it was asserted for the first time in

the reply brief). Further, Respondents rely upon *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022) to assert that Petitioner's detention is constitutional. (Doc. No. 7 at 3–4.) "However, in *Rodriguez Diaz*, the Ninth Circuit addressed whether the Due Process Clause entitles a noncitizen whose detention has grown prolonged to a second bond hearing at which the government bears the burden of proof by clear and convincing evidence, . . . . not . . . whether the [g]overnment may seize a person after years of government-sanctioned liberty without affording any prior process." *Oliveira Tinoco*, 2026 WL 2949219, at *4 (citation modified).

For the reasons set forth in *Oliveira Tinoco*, this court is unpersuaded by Respondents' arguments and will thus grant Petitioner's motion for temporary restraining order (Doc. No. 2) and petition for writ of habeas corpus (Doc. No. 1). *See id.* at *4–7. Further, as the court found in *Oliveira Tinoco*, the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's return to the "status quo ante litem, meaning [Petitioner's] last uncontested status immediately preceding detention." *Id.* at *6 (citation modified).

Accordingly,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 2) are GRANTED as follows:

   a. Petitioner Malik Zeeshan Ahmed (A-242-260-086) shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to his detention in January 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

   b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

   c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner

has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

2. Respondents' motion (Doc. No. 7) is DENIED;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 5, 2026**

Dena Coggins
United States District Judge